**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**RICHARD RIVERA,**
                **Plaintiff,**

**-vs-**                                  **Case No. 6:08-cv-369-Orl-19KRS**

**PAVER PERFORMANCE, INC.,**
**WAM TRUCKING, LLC,**
**GARY MANNEY,**
                **Defendants.**

_____

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

    This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **JOINT MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT (Doc. No. 27)** |
| **FILED:** | September 8, 2008 |
| | **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**. |

    This case was brought under the Fair Labor Standards Act (FLSA). 29 U.S.C. § 201, *et seq.* In *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-55 (11th Cir. 1982), the Eleventh Circuit explained that claims for back wages under the FLSA may only be settled or compromised when the Department of Labor supervises the payment of back wages or when the district court enters a stipulated judgment "after scrutinizing the settlement for fairness." *Id.* at 1353.

    The parties represent that under the settlement agreement, Plaintiff Richard Rivera will receive all of the past due wages to which he was entitled, and that Rivera is satisfied with the settlement.

Based on these representations, I conclude that the amount Rivera will receive is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Id*. at 1354.

The Court need not approve the other provisions of the settlement agreement. I note that settlement agreement contains terms that this Court would not approve, such as the confidentiality agreement which is unenforceable in light of the public filing of the settlement agreement. *See* Doc. No. 27-2 ¶ 7. Accordingly, I recommend that the Court not approve the settlement agreement as a whole or reserve jurisdiction to enforce it.

Accordingly, I recommend that the Court do the following:

**FIND** that the overtime compensation Plaintiff will receive pursuant to the Settlement Agreement is a fair resolution of a bona fide dispute under the FLSA;

**DECLINE** to reserve jurisdiction to enforce the settlement agreement;

**DISMISS** the case with prejudice as to all parties; and,

**DIRECT** the Clerk of Court to close the file.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on September 10, 2008.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge

Counsel of Record
Courtroom Deputy